UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALISON R. SUGGS, SR. | * |
| | * |
| VERSUS | * CIVIL ACTION NO. 21-100 |
| | * |
| BOONE SERVICES, LLC | * |
| | * |

## COMPLAINT

**NOW INTO COURT,** comes Plaintiff, Alison R. Suggs, Sr., through counsel, who respectfully represents that:

### Nature of Case

1.

This action arises from Defendant's violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.,* the state equivalent of that Act (La. R.S. 23:322 *et seq.*), and pre-employment regulations of the ADA at 42 U.S.C. § 12112(d)(2)(A). The action is filed to provide appropriate relief to Alison R. Suggs, Sr. (Suggs or Al Suggs) for unlawful discrimination in employment.

2.

This action seeks monetary and equitable relief as remedies for Defendant's discriminatory violations.

### Jurisdiction and Venue

3.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims involve federal questions arising from the ADA.

4.

Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant's place of business was in this District and, pursuant to 28 U.S.C. § 1391(b)(2), Plaintiff's claims arose out of events and omissions of which a substantial part occurred in the Middle District of Louisiana.

**Parties**

5.

Plaintiff Alison R. Suggs, Sr. was during the time of the issues of concern in this case a resident of Denham Springs in the Parish of Livingston and the State of Louisiana. At all relevant times, plaintiff met the definition of an employee and as a qualified individual under the ADA and the state equivalent of that law.

6.

Defendant is Boone Services, LLC (Boone Services, hereafter) domiciled in the Parish of East Baton Rouge at 9143 S. Tiger Bend Road in Baton Rouge. At all material times, Defendant was a covered entity and an employer within the meaning of the ADA and its state equivalent (> 15 for ADA and >20 employees for the state equivalent).

**Administrative Procedures**

7.

Plaintiff Alison R. Suggs, Sr. filed a charge of discrimination with the EEOC alleging discrimination based on disability. Ex. 1. EEOC received it on May 15, 2020; a date within 300 days of his April 24, 2020 firing. EEOC gave him charge # 461-2020-01687.

8.

EEOC issued Suggs a right to sue letter on January 29, 2021. Ex. 2.

9.

Plaintiff filed this Complaint within 90 days of his receipt of the right-to-sue notice.

## Factual Allegations

10.

Plaintiff Suggs filled out a job application at Boone Services on March 9, 2019. Boone Services asked whether Suggs had any of some fifty medical conditions including asthma, diabetes, epilepsy, Parkinson's, heavy metal poisoning and post-traumatic stress. If he did, Boone Services asked for the medication Suggs used.

11.

On March 11, 2019, after Suggs filled out the application, Boone Services hired Mr. Suggs.

12.

About one week into his employment, Mr. Suggs told his employer that because of his fear of heights (acrophobia) he could not drive across the Mississippi River at the Sunshine Bridge. The owner said he shared that fear.

13.

Thereafter, Boone Services never asked Suggs to use the Sunshine Bridge to cross the Mississippi River. If work required someone to cross there, another truck driver drove instead.

14.

This caused minor problems as other drivers were available to make up for the work Suggs could not do.

15.

Thirteen months later, on Friday, May 24, 2020, however, things changed. Suggs' supervisor, Colby DeLaune, loaded up Suggs' truck with sand. He asked Suggs to drive to Donaldsonville.  Suggs told DeLaune that would require him to cross the Sunshine Bridge and that DeLaune knew that Suggs could not do that.

16.

DeLaune told Suggs to unload his truck, return to the yard, and don't worry about coming to work on Monday.

17.

Suggs returned to work on Monday to find his name removed from the list of truckers and another employee had been assigned Suggs' truck.

18.

Suggs' supervisor fired Suggs because of his medical condition, acrophobia, despite the fact that Suggs could do his job and it was only a small burden on the company to provide Suggs an accommodation.

## CAUSE OF ACTION
### Impermissible Medical Inquiry under the ADA

19.

The preceding paragraphs are incorporated herein by this reference.

20.

Boone Services made unacceptable inquiries under the ADA during Suggs pre-employment as to whether Suggs was an individual with a disability and as to the nature or severity of such disability.  42 U.S.C. § 12112(d)(2)(A).  Acceptable inquiries would have been those regarding the ability of applicant to perform job-related functions. 42 U.S.C. § 12112(d)(2)(B).

## CAUSE OF ACTION
**Disability Discrimination under the ADA and La. R.S. 23:322** *et seq.*

21.

The preceding paragraphs are incorporated herein by this reference.

22.

Suggs is a "qualified individual with a disability" as that term is defined in the ADA. His acrophobia substantially limited one or more of his major life activities of mobility, breathing, and concentration.  It also substantially limited the operation of at least one of his major bodily functions, his nervous system.  Suggs had the education, training, skills and experience necessary to perform the essential functions of his employment position with a reasonable accommodation.

23.

Boone Services discriminated against Suggs in violation of the ADA and La. R.S. 23:322 *et seq.* on the basis of his disability when it denied his requested accommodation that would have allowed him to have forgo the infrequent driving his truck across the Sunshine Bridge and instead have another trucker deliver the order.

24.

Boone Services would not have had any significant difficulty or expense in providing Suggs the accommodation since the employer only needed to drive trucks across that bridge infrequently and, as experience had shown, there had not been a problem in providing Suggs this accommodation in his prior thirteen months there.

25.

Boone Services fired Suggs on April 24, 2020 immediately after Suggs' supervisor ordered Suggs to drive across the Sunshine Bridge and after Suggs reminded his supervisor that he knew that Suggs had an accommodation that allowed him to forgo driving across that bridge. Boone Services fired Suggs immediately after refusing to provide Suggs' request for an accommodation; an accommodation it had provided Suggs previously. But for Suggs' request for the accommodation, Boone Services would not have fired Suggs that day. Boone Services' discriminatory intent for firing Suggs meets the but-for standard of proof for discrimination claims. *Bostock v. Clayton Cty.* (6/15/2020) 140 S. Ct. 1731, 1739.

26.

Boone Services intentionally violated the ADA and acted with malice or reckless indifference to Suggs' federally protected rights.

## Damages

27.

The Defendant's actions have caused Suggs to suffer $7200 in lost wages, emotional

distress, and the cost of attorney fees.

## Jury Demand

28.

Suggs respectfully demands a trial by jury on all issues.

**WHEREFORE,** Plaintiff, Allison R. Suggs, Sr., prays that after due proceedings there be judgment in his favor and against Defendant Boone Services LLC:

a. That Suggs be awarded all back pay and other compensation lost as a result of Defendant's unlawful conduct in an amount to be determined by the jury;

b. That Defendant pay Suggs such compensatory and punitive damages as are determined by the jury;

c. That Suggs be awarded reasonable attorney's fees, litigation expenses, expert fees, and costs; and

d. That Suggs be awarded other and further relief as the Court deems just and appropriate.

**Respectfully Submitted,**

**BELL LAW FIRM, LLC**

/s/ *Paul F. Bell*
Paul F. Bell (Bar #30391)
4949 Tulane Drive
Baton Rouge, LA  70808
Telephone: 225 284 3235
Facsimile: 888-812-7933   bz9@cox.net
*Counsel for Plaintiff, Alison R. Suggs, Sr.*

## SERVICE INFORMATION

Plaintiff mailed via USPS certified mail a NOTICE OF LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS and WAIVER OF SERVICE OF SUMMONS to registered agent for Defendant Boone Services LLC, Brent B. Boone, 9143 S. Tiger Bend Road, Baton Rouge, LA  70817-7220 on February 16, 2021.

/s/ *Paul F. Bell*
Paul F. Bell, Attorney for Plaintiff